**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DONALD and VERONICA NULL,**

                **Plaintiffs,**

**-vs-**                                                          **Case No.  6:03-cv-1858-Orl-22DAB**

**GMAC MORTGAGE CORPORATION,**
**d/b/a:  Ditech.com,**

                **Defendant.**
_____

**AND RELATED CASES**
**Case Nos.**

| | |
|---|---|
| **6:04-cv-1299-22DAB** | **6:04-cv-1318-22DAB** |
| **6:04-cv-1300-22DAB** | **6:04-cv-1319-22DAB** |
| **6:04-cv-1301-22DAB** | **6:04-cv-1320-22DAB** |
| **6:04-cv-1302-22DAB** | **6:04-cv-1321-22DAB** |
| **6:04-cv-1303-22DAB** | **6:04-cv-1322-22DAB** |
| **6:04-cv-1304-22DAB** | **6:04-cv-1323-22DAB** |
| **6:04-cv-1305-22DAB** | **6:04-cv-1324-22DAB** |
| **6:04-cv-1306-22DAB** | **6:04-cv-1325-22DAB** |
| **6:04-cv-1307-22DAB** | **6:04-cv-1326-22DAB** |
| **6:04-cv-1308-22DAB** | **6:04-cv-1327-22DAB** |
| **6:04-cv-1309-22DAB** | **6:04-cv-1552-22DAB** |
| **6:04-cv-1310-22DAB** | **6:04-cv-1581-22DAB** |
| **6:04-cv-1311-22DAB** | **6:04-cv-1610-22DAB** |
| **6:04-cv-1312-22DAB** | **6:04-cv-1671-22DAB** |
| **6:04-cv-1313-22DAB** | **6:04-cv-1753-28JGG** |
| **6:04-cv-1314-22DAB** | **6:04-cv-1755-28DAB** |
| **6:04-cv-1315-22DAB** | **6:04-cv-1800-22JGG** |
| **6:04-cv-1316-22DAB** | |
| **6:04-cv-1317-22DAB** | |

**REPORT AND RECOMMENDATION AND NOTICE OF HEARING**

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration following a case management conference held

before the undersigned, the Minutes of which are attached to and incorporated into this Report.

As discussed at conference, it appears from the Complaints filed in these matters that some of the matters are improperly filed in (or removed to) this Court, in that the mortgages in question encumber real property located in other divisions or districts. One part of the remedies sought by Plaintiffs includes the rescission and cancellation of those mortgages, and thus venue in this division is not appropriate as to those properties. Moreover, some of the cases include several unrelated Plaintiffs joined in a single suit. As the District Court has previously noted, "each of these loans represents a separate transaction or occurrence, and the loans are insufficiently related to constitute a "series of transactions or occurrences" within the meaning of Fed. R. Civ. P. 20(a)." (Doc. No. 46). With respect to these cases, therefore, the Court recommends as follows.

**Case No. 6:04cv1299** — As the real property is located in Orange Park, the Clerk should be directed to transfer the case to the Jacksonville division.

**Case No. 6:04cv1300**— As the real property is located in West Palm Beach, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1302**— As the real property is located in Tampa, the Clerk should be directed to transfer the case to the Tampa division.

**Case No. 6:04cv1303** —As the real property is located in Gainesville, the Clerk should be directed to transfer the case to Northern District of Florida.

**Case No. 6:04cv1304**— As no location is provided in the Complaint, Plaintiffs should be ordered to show cause why the Complaint should not be dismissed for failure to establish proper venue.

**Case No. 6:04cv1305** —As the real property is located in Royal Palm Beach, the Clerk should be directed to transfer the case to Southern District of Florida.

**Case No. 6:04cv1306**—As the real property is located in Boynton Beach, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1307**—As the real property is located in Boynton Beach, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1309**— As the real property is located in Fernandina Beach, the Clerk should be directed to transfer the case to the Jacksonville division.

**Case No. 6:04cv1310**—As the real property is located in Ft. Lauderdale, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1311**— As the real property is located in Jacksonville, the Clerk should be directed to transfer the case to the Jacksonville division.

**Case No. 6:04cv1312**—As the real property is located in Willington, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1313**—As the real property is located in Plant City, the Clerk should be directed to transfer the case to the Tampa division.

**Case No. 6:04cv1314**—As the real property is located in Greenacres, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1315**—As the real property is located in Plantation, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1316**—As the real property is located in Port Charlotte, the Clerk should be directed to transfer the case to the Ft. Myers division.

**Case No. 6:04cv1317**—As the real property is located in Coconut Creek, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1318**— As the real property is located in Middleburg, the Clerk should

be directed to transfer the case to the Jacksonville division.

**Case No. 6:04cv1320**— As the real property is located in Hollywood, the Clerk should be directed to transfer the case to the Southern District of Florida.

**Case No. 6:04cv1321**— As the real property is located in Seffner, the Clerk should be directed to transfer the case to the Tampa division.

**Case No. 6:04cv1327**— As the real property is located in Jacksonville, the Clerk should be directed to transfer the case to the Jacksonville division.

**Case No. 6:04cv1552**— Three unrelated sets of Plaintiffs are joined in this action. As all three properties at issue are located in Orlando, venue is proper, but joinder is not. Following the procedure the District Court adopted in the initial severance Order, the first named Plaintiffs (Ernie and Debbie Lyon) should be allowed to proceed in this case. The other Plaintiffs' claims should be dismissed unless those Plaintiffs file two separate new actions within eleven (11) days from the date of any Order adopting this Recommendation. If the other Plaintiffs elect to initiate two separate new actions, then they should present to the Clerk of Court at one time: (1) a JS-44 civil cover sheet for each new case; (2) the appropriate filing fee for each new case; and (3) a separate complaint (covering one loan transaction) for each new case. Further, as to each new case, Plaintiffs' counsel shall contemporaneously notify the Clerk that the action is related to the present case and is required by court order to be assigned to District Judge Anne C. Conway and the undersigned magistrate judge.

**Case No. 6:04cv1581**— Three unrelated sets of Plaintiffs are joined in this action. The claims of the Upsons and Eugene and Janet Smith involve properties located within this division, but the claim of Thomas and Elaine Smith pertains to property located in Port Charlotte, which is without this division. Moreover, joinder of the three claims is inappropriate.

Following the procedure the District Court adopted in the initial severance Order, Plaintiffs William and Carolyn Upson should be allowed to proceed in this case. The other Plaintiffs' claims should be dismissed unless Plaintiffs file separate new actions, in the appropriate division of this Court, within eleven (11) days from the date of any Order adopting this Recommendation.  If  Plaintiffs Eugene and Janet Smith elect to initiate an action in this division, then they should present to the Clerk of Court at one time: (1) a JS-44 civil cover sheet; (2) the appropriate filing fee; and (3) a separate complaint (covering one loan transaction). Further, Plaintiffs' counsel shall contemporaneously notify the Clerk that the action is related to the present case and is required by court order to be assigned to District Judge Anne C. Conway and the undersigned magistrate judge.

**Case No. 6:04cv1610**—Again, three apparently unrelated claims are joined.  Although the claims of the James' and the Guarinos are within this division, no location is provided for the property which is the subject of the Hines' claim.  In view of this defect and the misjoinder, the Court cannot tell whether venue in this division is appropriate for that claim.  Following the procedure the District Court adopted in the initial severance Order, the first named Plaintiff (Dennis James) may proceed in this case. The other Plaintiffs' claims should be dismissed unless Plaintiffs file two (assuming the Hines' claim is shown to be within this division) separate new actions within eleven (11) days from the date of any Order adopting this Recommendation.  If the other Plaintiffs elect to initiate two separate new actions, then they should present to the Clerk of Court at one time: (1) a JS-44 civil cover sheet for each new case; (2) the appropriate filing fee for each new case; and (3) a separate complaint (covering one loan transaction) for each new case.  Further, as to each new case, Plaintiffs' counsel shall contemporaneously notify the Clerk that the action is related to the present case and is required

by court order to be assigned to District Judge Anne C. Conway and the undersigned magistrate judge.

**Case No. 6:04cv1671**— Again, three apparently unrelated claims are joined. Although the claims of the Brooks and the Branhams are within this division, no location is provided for the property which is the subject of the Bottis' claim. In view of this defect and the misjoinder, the Court cannot tell whether venue in this division is appropriate for that claim. Following the procedure the District Court adopted in the initial severance Order, the first named Plaintiffs (Raymond and Debra Brooks) should be allowed to proceed in this case. The other Plaintiffs' claims should be dismissed unless Plaintiffs file two (assuming the Botti's claim is shown to be within this division) separate new actions within eleven (11) days from the date of any Order adopting this Recommendation. If the other Plaintiffs elect to initiate two separate new actions, then they should present to the Clerk of Court at one time: (1) a JS-44 civil cover sheet for each new case; (2) the appropriate filing fee for each new case; and (3) a separate complaint (covering one loan transaction) for each new case. Further, as to each new case, Plaintiffs' counsel shall contemporaneously notify the Clerk that the action is related to the present case and is required by court order to be assigned to District Judge Anne C. Conway and the undersigned magistrate judge.

**Case No. 6:04cv1752**—Again, three apparently unrelated claims are joined. Although the claim of the Brentzels is within this division, the claim of the Andrews and that of Mr. Mallory are not. Following the procedure the District Court adopted in the initial severance Order, Plaintiffs Eric and Mary Brentzel should be allowed to proceed in this case. The other Plaintiffs' claims should be dismissed, without prejudice to refiling each claim as a separate case in the appropriate division.

**Case No. 6:04cv1800-22JGG**—The Clerk should be directed to transfer the magistrate judge assignment in this case to the undersigned.

The Court has been advised that other related cases (**Case Nos. 6:04cv1753-28JGG; and 6:04cv1755-28DAB**) have been removed to this division. As both cases involve property located in the Jacksonville division of this Court, it is **respectfully recommended** that these two cases be transferred by the presiding judge to that division, pursuant to Local Rule 4.02(a).

Assuming the recommendations set forth above are adopted by the Court, this division will have at least fourteen of the existing related cases (not counting the new cases that Plaintiffs may file as a result of the above), with some similar issues with respect to liability. The Notice of Related Actions filed in these matters indicates that several other such actions, including a purported class action suit, have been filed against this Defendant on these issues, in many other state and federal jurisdictions across the country. It may be that these cases are therefore appropriate for disposition by a Multi-District Panel. *See* 28 U.S.C. § 1407. At this time, however, the undersigned makes no recommendation regarding any such transfer, other than reporting to the District Court that the issue was raised at the conference and the parties were not prepared to take a position on the matter without studying it further.

It is **recommended** that the related cases pending in this division be consolidated for pretrial purposes, in order to proceed most efficiently. Any additional suits that may be filed as a result of the severance recommended herein should also be consolidated with the lowest numbered case (the Null case, Case No. 6:04cv1858). For docketing purposes, this should be designated the lead case, and all filing should be made in that case alone.

As the parties are agreeable to proceeding with a joint discovery plan for all of the cases, a future status conference dealing with case management issues is appropriate.

**TAKE NOTICE** that a case management conference will be held before the undersigned on **MONDAY**, **JANUARY 31, 2005** at **9:30 A.M.** in Courtroom #6, George C. Young U.S. Courthouse and Federal Building, 80 North Hughey Avenue, Orlando, Florida. **Counsel and any party to this case wishing to participate in this hearing by telephone conference call should contact Chambers at telephone number (407) 835-4290 at least 24 hours prior to the hearing.**

The Clerk is **directed** to docket this Report and Recommendation and Notice of Hearing, with the incorporated Minutes of the Case Management Conference, in the lead case (Case No. 6:03-cv-1858) and in each of the individual related cases listed above.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on December 13, 2004.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
The Honorable John Antoon
Counsel of Record
Courtroom Deputy

**PLEASE NOTE**: **Photo I.D.** is required to enter the United States Courthouse. Also, **cellular telephones** and **laptop computers** are prohibited in the Courthouse unless otherwise allowed pursuant to order of the Court.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DONALD and VERONICA NULL,**

                **Plaintiffs,**

**-vs-**                                              **Case No. 6:03-cv-1858-Orl-22DAB**

**GMAC MORTGAGE CORPORATION, d/b/a: Ditech.com,**

                **Defendant.**

**And related cases**
**6:04-cv-1299-22DAB**
**6:04-cv-1300-22DAB**
**6:04-cv-1301-22DAB**
**6:04-cv-1302-22DAB**
**6:04-cv-1303-22DAB**
**6:04-cv-1304-22DAB**
**6:04-cv-1305-22DAB**
**6:04-cv-1306-22DAB**
**6:04-cv-1307-22DAB**
**6:04-cv-1308-22DAB**
**6:04-cv-1309-22DAB**
**6:04-cv-1310-22DAB**
**6:04-cv-1311-22DAB**
**6:04-cv-1312-22DAB**
**6:04-cv-1313-22DAB**
**6:04-cv-1314-22DAB**
**6:04-cv-1315-22DAB**
**6:04-cv-1316-22DAB**
**6:04-cv-1317-22DAB**
**6:04-cv-1318-22DAB**
**6:04-cv-1319-22DAB**
**6:04-cv-1320-22DAB**
**6:04-cv-1321-22DAB**
**6:04-cv-1322-22DAB**
**6:04-cv-1323-22DAB**
**6:04-cv-1324-22DAB**
**6:04-cv-1325-22DAB**
**6:04-cv-1326-22DAB**
**6:04-cv-1327-22DAB**
**6:04-cv-1552-22DAB**
**6:04-cv-1581-22DAB**
**6:04-cv-1610-22DAB**

**6:04-cv-1671-22DAB**

_____
_____

| JUDGE | **David A. Baker** | DATE AND TIME | December 13, 2004<br>10:00 a.m.- 10:25 |
|---|---|---|---|
| DEPUTY CLERK | Helyn LaTorre | TAPE/REPORTER | 2004-56 & 57:8686-1137 |
| COUNSEL/PLTF.(S) | Elizabeth McCausland<br>Scott Borison<br>Mary Szeluga | COUNSEL/DEFT.(S) | Nathan E. Nason |

## CLERK'S MINUTES
## CASE MANAGEMENT CONFERENCE

(8686) Procedural setting by court
(70)    Parties address venue issues
(208)  Plaintiff counsel Borison provides case background for filings of all related cases
(656)   Court proposes transfer of cases outside the jurisdiction of this court; some cases to be severed; many cases to remain in Orlando
(1880) Court to enter Report and Recommendation for the District Judge regarding transfer of cases to appropriate district and other matters